UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Christopher Walls, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Civil)** |
| Union Pacific Railroad Company, | ) | |
| a Delaware corporation, | ) | **Jury Trial Demanded** |
| | **)** | |
| Defendant. | ) | |

COMES NOW Plaintiff Christopher Walls and for his claims against Defendant Union Pacific Railroad Company, a Delaware corporation, states and alleges as follows:

**Preliminary Statement**

1.      This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of his employment on February 18, 2020 while working as a conductor for Defendant.  Plaintiff's claims against Defendant are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

**Parties**

2.      That at all times relevant herein, Plaintiff was a resident and citizen of Woodbine, Kansas, and was employed by Defendant as a conductor engaged in interstate commerce.

3.      That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska; was duly licensed to operate a system of railroads, as a common carrier of freight for hire in and through the State of Nebraska; and was engaged as a common carrier in interstate commerce.

**Jurisdiction and Venue**

4.      This Court has subject-matter jurisdiction over Plaintiff's claims under the FELA pursuant to 28 U.S.C. § 1331 and 45 U.S.C. 51, *et seq*.

5.      This Court has personal jurisdiction over Defendant because its principal place of business is in Omaha, Nebraska, and it purposefully availed itself of the privilege of conducting significant activities in the State of Nebraska, creating sufficient contacts within the state to permit this Court to exercise jurisdiction.

6.      Venue of this lawsuit in this Court is proper pursuant to 45 U.S.C. § 56 which allows bringing FELA claims in the district of the residence of the defendant or in the district where the defendant is doing business at the time the action is commenced.

7.      This action brought under the FELA is timely commenced pursuant to 45 U.S.C. § 56.

**Facts**

8.      That on February 18, 2020 at about 2:20 p.m., Plaintiff was in the course and scope of his employment working as a conductor for Defendant on its tracks at or near Topeka, Kansas. Plaintiff was ordered and required to ride the first car (the point) that was part of a shove movement of train MHNHN 18 whose length was about 8,424 feet with his co-worker and engineer operating the locomotive at the back and was providing the power to make the shove movement.  As the shove movement was made, the track switch or switches were improperly lined for the movement, causing the engineer to make an unexpected and sudden stop of the train.  As a result of the unexpected and sudden stop, a violent run in of slack action ran through the train consisting of many cars, causing Plaintiff to be thrown from the point car he was riding, and causing him to be injured and damaged as herein set forth.

2

## Count One (negligence liability pursuant to FELA)

Plaintiff realleges paragraphs 1 through 8 as though set forth at length and in detail herein.

9.     That Plaintiff's injuries were caused in whole or in part by the negligence of the Defendant, its agents, employees and officers in failing to provide a safe place to work in violation of the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, in one or more of the particulars alleged herein:

a.     Failing and neglecting to provide Plaintiff with a reasonably safe place to work;

b.     Failing and neglecting to enforce and follow its methods and procedures related to making a shove movement and lining switches to make said movement;

c.     Failing and neglecting to adopt, implement and enforce safe methods and procedures related to making a shove movement and lining switches to make said movement;

d.     Failing and neglecting to instruct its employees with respect to methods and procedures related to making a shove movement and lining switches to make said movement;

e.     Failing and neglecting to provide sufficient and properly trained help with respect to the train movement made at the time in question;

f.     Failing and neglecting to make adequate inspections of its workplace to identify risks of harm, and then take reasonable steps to address the risks of harm; and

g.     Other acts of negligence as may be determined by the evidence.

10.     That as a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability, all to his injury and damage.

## Count Two (negligence per se/strict negligence pursuant to the Federal Railroad Safety Act and Defendant's operating rules)

Plaintiff realleges paragraphs 1 through 10 as though set forth at length and in detail herein.

3

11.     At the time and placed described about, Defendant failed to comply with Federal Railroad Administration (FRA) regulations promulgated under the authority of the Federal Railroad Safety Act (FRSA), including but not limited to regulations found in title 49 C.F.R. Part 218, along with the requirements within the FRA regulations that Defendant comply with its operating rules contained in its General Code of Operating Rules (GCOR), the effect of which establishes liability under negligence per se or strict liability for Plaintiff's injuries and damages.

12.     That as a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability, all to his injury and damage.

WHEREFORE, Plaintiff Christopher Walls prays for a jury trial of the foregoing issues, and for judgment against Defendant Union Pacific Railroad Company for recovery of special and general damages on the cause of action described herein, together with any interest, costs, disbursements, legal fees, or other relied to which Plaintiff is entitled.

HUNEGS, LeNEAVE & KVAS, P.A.


Dated:  October 12, 2020          */s/ Randal W. LeNeave*
                                 Randal W. LeNeave, NE ID #24813
                                 Paul Banker, MN ID 256596
                                 Jayson D. Nelson, NE ID #22111
                                 Paul Banker, MN ID 256596
                                 Attorneys for Plaintiff
                                 1000 Twelve Oaks Center Drive, Suite 101
                                 Wayzata, Minnesota 55391
                                 (612) 339-4511
                                 (612) 339-5150 Fax
                                 rleneave@hlklaw.com
                                 pbanker@hlklaw.com
                                 jnelson@hlklaw.com

4