IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER WALLS,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation;<br><br>Defendant. | 8:20CV413<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion for Extension of Time (Filing No. 58.) The motion will be granted, in part.

### BACKGROUND

This action was filed on October 12, 2020. (Filing No. 1.) The Complaint is brought under the Federal Employers' Liability Act ("FELA") and alleges Plaintiff sustained personal injuries during his employment. The Complaint alleges Plaintiff "suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; has suffered permanent injury and disability." (Filing No. 1.)

The Progression Order was entered on December 1, 2020. (Filing No. 18.) Upon a joint motion of the parties (Filing No. 38), an Amended Progression Order was entered on June 8, 2021. (Filing No. 39.) The basis of the joint motion was that Plaintiff had surgery in April, 2021 and had not reached maximum medical improvement. The motion indicated Plaintiff had a medical appointment scheduled for August 12, 2021, at which time he would learn whether his medical

providers considered him to be at maximum medical improvement. The motion further stated that if Plaintiff did not reach maximum medical improvement as expected, one or more of the parties would seek relief from the Court. The Amended Progression Order set September 16, 2021 as the parties' expert witness disclosure deadline. (*Id*.) To date, the pretrial conference and trial have not been scheduled.

On September 3, 2021, in advance of the expert witness disclosure deadline, Defendant filed the instant motion, requesting an extension of the expert witness disclosure deadline to allow time for Plaintiff to reach maximum medical improvement and then for both parties to secure updated expert opinions and testimony. Alternatively, Defendant requested until November 16, 2021 to take discovery depositions of Plaintiff's treating physicians, complete a Rule 35 exam of Plaintiff, acquire Plaintiff's knee x-rays and provide them to its medical expert, complete a vocational interview of Plaintiff, and complete and serve supplemental expert disclosures.

The Court held a telephonic status conference with counsel for the parties on October 5, 2021, at which time Defendant's instant Motion for Extension of Time was discussed. A resolution of the motion could not be reached, and the Court was asked to issue a written order based on the submissions filed with the Court.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a progression schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause means the party has shown "diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). The court also considers factors such as prejudice to parties opposing modification. *Id*. However, the court will generally not consider prejudice, or the lack thereof, if the movant has not been diligent in meeting the scheduling order's deadlines. *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 716-17 (8th Cir. 2008).

Defendant requests an extension of the expert witness disclosure deadline. Defendant asserts it has been diligent in attempting to meet case progression deadlines, but an extension is necessary due to conflicting opinions between Plaintiff's treating physicians regarding whether Plaintiff has reached maximum medical improvement.

2

Having reviewed the matter, the Court will grant a limited extension. It appears that on July 23, 2021, Plaintiff's surgeon indicated Plaintiff had no work restrictions. However, on August 9, 2021, another of Plaintiff's treating physicians indicated Plaintiff had substantial restrictions. Thereafter, on August 11, 2021, Defendant took a supplemental deposition of Plaintiff, at which time Plaintiff indicated he intended to comply with the most restrictive limitations. Following this testimony, Defendant decided to obtain reports from medical and vocational experts. These experts were retained before the expert disclosure deadline, and Defendant provided an expert disclosure and produced a report from its medical expert on September 16, 2021. Further, Defendant contends it attempted to schedule a Rule 35 examination before the expert disclosure deadline but encountered scheduling problems and only recently learned of the x-rays it now seeks. Moreover, Defendant's motion to extend was filed almost two weeks before the expiration of the expert disclosure deadline. The previous joint motion for an extension of the progression deadlines, Filing No. 38, clearly anticipated that Plaintiff may not reach maximum medical improvement and, due to this, there could be a need to re-set some of the deadlines. Given these circumstances and the timeline of events, the Court finds good cause as Defendant has been diligent in attempting to meet the progression deadlines.

The Court will not, however, give Defendant an open-ended date for completion of expert disclosures and related matters. Defendant requested in its motion, as alternative relief, that it be given an additional sixty-days (until November 16, 2021 – measured from the date of the current expert witness disclosure deadline) to take discovery depositions of Plaintiff's treating physicians, complete a Rule 35 exam of Plaintiff, acquire Plaintiff's knee x-rays and provide them to its medical expert, complete a vocational interview of Plaintiff, and complete and serve supplemental expert disclosures. However, it appears, based on statements made in Defendant's reply brief, that some of these matters had been scheduled and, as such, may have occurred while this motion was pending. ([Filing No. 62 at CM/ECF p. 4](Filing No. 62 at CM/ECF p. 4).) If these things have already occurred, the Court will extend the expert witness disclosure deadline thirty-days from the date of this Order. If they have not yet happened, the Court will grant a sixty-day extension. Therefore, the parties will be ordered to inform the Court what time frame is needed. Then, the Court will set a status conference with the parties to set the pretrial conference and trial.

Accordingly,

4

**IT IS ORDERED** that Defendant's Motion for Extension of Time ([Filing No. 58](Filing No. 58)) is granted, in part, as set out above. The parties shall notify the Court whether a thirty or sixty-day extension is necessary based on the provisions of this Order. The parties shall do so by January 20, 2022. Once the parties provide this information, the Court will set this case for a telephone conference to set the pretrial conference and trial.

Dated this 13th day of January, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge