IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER WALLS,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Defendant. | 8:20CV413<br><br>**MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO AMEND ORDER ON FINAL PRETRIAL CONFERENCE** |

Plaintiff Christopher Walls has sued defendant Union Pacific Railroad Company (Union Pacific) for negligence and negligence per se under the Federal Employers' Liability Act (FELA) and the Federal Railroad Administration (FRA) regulations. Trial on remaining issues in this matter is set to begin on September 13, 2022. This case is before the Court on Union Pacific's August 26, 2022, Motion to Amend Order on Final Pretrial Conference. Filing 113. Walls filed his Brief in Response to Defendant's Motion to Amend Order on Final Pretrial Conference on August 30, 2022. Filing 114. For the reasons stated below, Union Pacific's August 26, 2022, Motion to Amend Order on Final Pretrial Conference is granted as to two minor amendments to the Final Pretrial Order, to which Walls agrees, but is otherwise denied.

1

## I. INTRODUCTION

### A. Background

The Court addressed the factual background to this case in considerable detail in a prior ruling. Filing 72 at 1–5. For present purposes, it is enough to reiterate that on February 20, 2020, Walls was suddenly ejected from the rear car of a train executing a "shove" maneuver into the Topeka Yard, which caused him serious injuries. Filing 72 at 4. Walls filed suit against Union Pacific on October 12, 2020, asserting two claims. Count One asserted negligence liability pursuant to the FELA, 45 U.S.C. § 51 *et seq.* (the FELA negligence claim). Filing 1 at 3–4. Count Two asserted negligence per se/strict negligence pursuant to the Federal Railroad Administration (FRA) regulations, 49 C.F.R. Part 218, promulgated under the Federal Railroad Safety Act (FRSA), and pursuant to Union Pacific's own General Code of Operating Rules (the negligence per se claim). Filing 1 at 4. In its Answer filed November 5, 2020, Union Pacific denied Walls's claims and asserted affirmative defenses including Walls's negligence as the sole cause of his injury; his failure to mitigate his injuries and damages; and his contributory negligence. Filing 6 at 2.

On January 14, 2022, the Court granted Walls's Motion for Partial Summary Judgment on his negligence per se claim holding that another Union Pacific employee violated a regulation that caused, however slightly, Walls's injury. Filing 72 at 16. The Court also held that Union Pacific is precluded from asserting a contributory negligence defense to that claim. Filing 72 at 16. The Court concluded, however, that factual issues precluded the Court from granting partial summary judgment on Walls's FELA negligence claim. Filing 72 at 16. On April 14, 2022, Union Pacific filed a Motion to Reconsider Order Granting Partial Summary Judgment, asking the court to deny Walls's Motion for Partial Summary Judgment on negligence per se or, in the alternative, deny

2

Walls's Motion for Partial Summary Judgment on causation to permit the jury to decide that issue. Filing 86. On July 22, 2022, the Court denied Union Pacific's Motion to Reconsider. Filing 92. Union Pacific correctly observed that these rulings left all elements of Walls's FELA negligence claim in Count One unresolved. *See* Filing 113 at 2.

On August 9, 2022, United States Magistrate Judge Susan M. Bazis entered an Order on Final Pretrial Conference (Final Pretrial Order), largely as proposed by the parties. Filing 95. In one pertinent part, the Final Pretrial Order states the following:

> (C) Uncontroverted Facts. The parties have agreed that the following may be accepted as established facts for purposes of this case only:
>
> 1. Union Pacific is a common carrier by rail engaged in interstate commerce.
>
> 2. On February 18, 2020, Christopher Walls was employed by Union Pacific as a conductor.
>
> 3. At the time of the subject incident on February 18, 2020, Christopher Walls was working in the course and scope of his employment for Union Pacific in furtherance of Union Pacific's interstate commerce.
>
> 4. On February 18, 2020, Union Pacific was negligent.
>
> 5. Union Pacific's negligence caused Christopher Walls to suffer injuries.

Filing 95 at 1–2. Union Pacific is correct that these statements did not clarify that it is Union Pacific's position that the fourth and fifth statements are "uncontroverted only in the sense that this is what the Court has ruled in its order on summary judgment." Filing 113 at 3.

In another pertinent part, the Final Pretrial Order stated the following:

> (C) Controverted and Unresolved Issues. The issues remaining to be determined and unresolved matters for the court's attention are:
>
> The parties will be filing motions in limine consistent with the Court's order of July 5, 2022. [Doc 91].
>
> The only remaining issue for determination by the finder of fact is the amount of damages Plaintiff should be awarded as a result of Defendant Union Pacific's

3

> negligence, and Union Pacific's affirmative defense of failure to mitigate, though Plaintiff disputes there will be sufficient evidence to present failure to mitigate to the jury.

Filing 95 at 2. The last paragraph quoted above was proposed by counsel for Union Pacific in an email to Walls's counsel on August 3, 2022, and Walls's counsel agreed to it that same day. Filing 115-1.

Walls did not include in the Final Pretrial Order any reference to the outstanding FELA negligence claim. *See* Filing 95. Walls also did not include in any of his proposed jury instructions any instructions on the elements of a FELA negligence claims. *See* Filing 100 (complete); Filing 101 (disputed); Filing 102 (stipulated). Walls's proposed verdict form requested a jury determination only of damages. Filing 104. Union Pacific represents that "[f]ollowing [Walls]'s lead, Union Pacific similarly limited the scope of its Statement of Controverted Facts [in the Final Pretrial Order] to negligence *per se*." Filing 113 at 3. Union Pacific represents further that "given the Court's summary judgment order, Union Pacific did not reference in the Pretrial Order its affirmative defenses of sole cause and contributory negligence, and did not include any facts relating to them." Filing 113 at 3. Union Pacific is correct that neither party has offered trial witnesses or trial exhibits relating to the unresolved FELA negligence claim in the Final Pretrial Order. Filing 113 at 3; *see also* Filing 95.

### B. The Current Dispute

Union Pacific represents that, "[w]hile preparing jury instructions in accordance with Order Regarding Civil Trial Deadlines and Practices, . . . Union Pacific realized for the first time that the [Final] Pretrial Order was silent with respect to Count One (negligence)." Filing 113 at 3. On August 22, 2022, counsel for Union Pacific contacted counsel for Walls via email asserting that Count One and Union Pacific's affirmative defenses to it were unresolved and were not addressed

in the Final Pretrial Order. Filing 113 at 4; Filing 111-1 at 1. Counsel for Union Pacific emailed Judge Bazis the evening of August 22, 2022, about issues Union Pacific is now raising concerning the Final Pretrial Order. Filing 111-2 at 3. Union Pacific represents that, in a follow-up telephone conference, Walls's counsel did not provide any position with respect to Count One and has not since then informed Union Pacific what Walls's position is on the impact of the silence of the Final Pretrial Order on issues related to Count One. Filing 111 at 2. Union Pacific's counsel again outlined Union Pacific's position in an email to Judge Bazis's law clerk on August 23, 2022. Filing 111-2 at 1. Walls's counsel responded to the law clerk's request that counsel confer as soon as possible and let the Court know the issues on which there was disagreement by stating that Walls disagreed with the suggestion that the Court should revisit the Final Pretrial Order. Filing 111-2 at 2. On August 23, 2022, Union Pacific filed proposed jury instructions and a proposed verdict form concerning the FELA negligence claim and other issues that Union Pacific argues should be added to the issues for trial in the Final Pretrial Order. Filing 109.

> On August 23, 2022, Judge Bazis entered a text order stating the following:
>
> No later than 12:00 p.m. on August 26, 2022, Defendant shall file a motion and supporting brief regarding its desired amendments to the Final Pretrial Conference Order. The brief must include an explanation of the Court's authority to set aside a final pretrial conference order, the circumstances under which the Court may do so, and whether such circumstances are presented here. The brief must also set out with specificity the changes to the Final Pretrial Conference Order that Defendant believes are necessary and contain an explanation as to why those changes are appropriate under the circumstances. Plaintiff shall respond to Defendant's motion no later than 12:00 p.m. on August 30, 2022.

Filing 105.

On August 26, 2022, Union Pacific filed the Motion to Amend Order on Final Pretrial Conference now before the Court. Filing 110. In that Motion, Union Pacific asserts the following:

> The Pretrial Order should be amended to address Plaintiff's unresolved negligence claim and to expressly preserve Union Pacific's affirmative defenses and rights to appeal. Although the Pretrial Order makes no mention of it, Plaintiff's negligence claim (Count One) has neither been determined as a matter of law nor withdrawn and, therefore, remains in controversy. Further, the Pretrial Order does not clearly state that Union Pacific does not admit negligence or causation, does not waive its affirmative defenses of sole cause and contributory negligence, and preserves for appeal all issues related to the Court's summary judgment rulings.

Filing 110 at 1. Union Pacific seeks amendment of the Final Pretrial Order to address these issues.

On August 30, 2022, Walls filed his Brief in Response to Defendant's Motion to Amend Order on Final Pretrial Conference. Filing 114. Walls summarizes his position as follows:

> Plaintiff agrees that the Order may be amended to make clear that [sic] UP's right to appeal all orders by the Court. This also includes that item 4 in the Uncontroverted Facts stating that UP was negligent on February 18, 2020 (Doc. # 95 at 1) is based on the Court finding UP negligent as a matter of law with respect to Plaintiff's negligence per se count, and is not a result of UP admitting fault.

Filing 114 at 1.

The Court must resolve Union Pacific's Motion expeditiously because trial is set to begin in this matter on Tuesday, September 13, 2022.

## II. LEGAL ANALYSIS

### A. Applicable Standards

Rule 16 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

**(d) Pretrial Orders.** After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it.

**(e) Final Pretrial Conference and Orders.** The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

6

Fed. R. Civ. P. 16(d)–(e).[1]

It is fair to say that the impact of the Final Pretrial Order is profound:

"The final pretrial conference is critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" *Friedman & Friedman, Ltd. v. Tim McCandless, In*c., 606 F.3d 494, 498 (8th Cir. 2010), quoting Fed. R. Civ. P. 16(c) Advisory Committee Note (1983 Amendment). "The issues identified at the final pretrial conference and the agreements and stipulations made there are incorporated into the final pretrial order, which thereafter 'controls the course of the action.'" *Id*., quoting Fed. R. Civ. P. 16(d).

. . . According to GP, the [absence of an issue] in the final pretrial order is irrelevant to its preservation for trial, citing *Coons v. Industrial Knife Co*., 620 F.3d 38 (1st Cir. 2010). Though *Coons* held that pleading a limitations defense sufficiently preserves it for trial, the opinion does not address the failure to raise a defense in a final pretrial order. *See Coons*, 620 F.3d at 41. Applying GP's proposed rule here is contrary to binding authority. The final pretrial order "supersedes all previous pleadings and controls the subsequent course of action unless modified by a subsequent order." *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 499 (8th Cir. 2004). A party waives a pled claim "by not including it in the [final pretrial order]." *Hartman v. Workman*, 476 F.3d 633, 634 n.3 (8th Cir. 2007). *See BLB*

---

[1] The local rules of this Court provide specific requirements for the parties' proposed final pretrial order, including in pertinent part the following:

(2)   Proposed Final Pretrial Order.

Unless the court orders otherwise, a proposed "Order on Final Pretrial Conference" that includes each matter listed below must be jointly prepared and presented to the judge at the pretrial conference. An acceptable pretrial order form is available from the clerk or on the court's website, https://www.ned.uscourts.gov/forms "Order on Final Pretrial Conference."

* * *

(B)   Uncontroverted Facts.

The parties must jointly state any facts that may be accepted as established at trial, in a form that may be read to the jury.

(C)   Controverted and Unresolved Issues.

The parties must jointly list all remaining legal issues to be determined, setting out in detail each element of the genuinely controverted unresolved claim or defense (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fees and applicable law under which fees are claimed, and prejudgment interest). The following must be specified: (i) any claimed special damages or permanent injuries; (ii) any elements of negligence and contributory negligence; and (iii) any other unresolved matters requiring the court's attention, for example, possible consolidation for trial, bifurcated trials on specified issues, and pending motions.

NECivR 16.2(2)(B), (C).

>  *Aviation S.C., LLC v. Jet Linx Aviation, LLC*, 748 F.3d 829, 839 n.5 (8th Cir. 2014) ("[D]efenses not included in the pretrial order are waived."), citing *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304–05 (10th Cir. 2003).

*Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 830 (8th Cir. 2019). As the Eighth Circuit Court of Appeals had previously explained, "The final pretrial conference and order 'measure[ ] the dimensions of the lawsuit,' including the issues to be tried." *Friedman & Friedman*, 606 F.3d at 498 (quoting *84,615 in United States Currency*, 379 F.3d at 499 (internal quotation marks and citation omitted)).[2]

Because of their importance in shaping a case for trial, "[o]nce formulated, pretrial orders should not be changed lightly, but total inflexibility is undesirable." Fed. R. Civ. P. 16, Advisory Committee Notes (1983 Amendment to subdivision (e)). Thus, Rule 16(e) itself states the standard for amendment or modification of a final pretrial order to be whether the modification or amendment is necessary "to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Eighth Circuit Court of Appeals has concluded that, in addition to this "manifest injustice" standard, "'[a] [P]retrial [O]rder will be modified only if there is no substantial injury or prejudice to the opponent.'" *$84,615 in United States Currency*, 379 F.3d at 499 (quoting *Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir. 2001)).

The Court will consider what issues have been "waived" by failure to include them in the Final Pretrial Order and then whether "modification" of the Final Pretrial Order to resurrect those claims is appropriate by applying the "manifest injustice" and "lack of prejudice" standards.

---

[2] In contrast to waiver of an issue not included in a final pretrial order, "an issue identified in the pretrial order is properly within the scope of the trial even though it was not included in the original pleadings." *Friedman & Friedman*, 606 F.3d at 498. Thus, a party that has previously waived an issue may "preserve or revive the issue for trial" by including it in a final pretrial order. *Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 808 (8th Cir. 2013).

### B. Waiver

*1. The Parties' Arguments*

Union Pacific argues, first, that the Final Pretrial Order should address claims and defenses that remain unresolved, rather than arguing that it did not waive certain issues by failing to include them in the Final Pretrial Order. Filing 113 at 4. Union Pacific argues that the Final Pretrial Order does not provide for resolution of the FELA negligence claim in Count One of Walls's Complaint and does not clearly state that Union Pacific does not waive its affirmative defenses of sole cause and contributory negligence to that claim, even though that claim and those defenses remain at issue. Filing 113 at 5. Union Pacific expressly asserts that it does not waive those affirmative defenses. Filing 113 at 9. However, Union Pacific argues that Walls has not clarified whether he is waiving his FELA negligence claim. Filing 113 at 6–7. If that claim is not waived, Union Pacific argues that the Court should add to (C) Controverted and Unresolved Issues in the Final Pretrial Order a statement that remaining issues for that claim are duty, breach, causation, and damages, as well as Union Pacific's affirmative defenses of contributory negligence and failure to mitigate injury or damages. Filing 113 at 7.

Walls argues that Union Pacific incorrectly asserts that he must either to waive his FELA negligence claim or accept that the claim will be included in the Final Pretrial Order and litigated at trial. Filing 114 at 2. Walls argues, however, that there is no need to insert issues of negligence, including Union Pacific's contributory negligence and sole cause defenses, into the trial because the issues have already been determined by the Court at summary judgment. Filing 114 at 2. Walls points out that the Court found Union Pacific negligent per se and that the negligence was a cause of Walls's injury, precluding any need to consider foreseeability, duty, or breach. Filing 114 at 6. Thus, he argues that reinsertion of issues of the parties' fault into the Final Pretrial Order and the

9

trial is "redundant." Filing 114 at 2. Walls argues that Union Pacific may be trying to resurrect its sole cause defense by seeking a trial of Walls's FELA negligence claim and Union Pacific's defenses. Filing 114 at 14. Walls argues that Union Pacific is entitled to raise the issue of sole cause as a defense to a FELA negligence claim on appeal, whether or not Union Pacific waived the defense by not asserting it in opposition to Walls's Motion for Summary Judgment, but Union Pacific cannot now do so at trial. Filing 114 at 14. The Court notes that Walls does not categorically state that he is waiving his FELA negligence claim.

2. *Both Parties have Waived Issues by Failing to Include Them in the Final Pretrial Order*

The Court need not decide—and is not the proper body to decide—what issues the parties may have waived for purposes of appeal by failing to include them in the Final Pretrial Order. *But see* Filing 113 at 9 (stating Union Pacific's assertion that it does not waive its right to appeal the Court's summary judgment ruling); Filing 114 at 1 (stating Walls's agreement that Union Pacific has the right to appeal the Court's decisions on summary judgment under the existing Final Pretrial Order). This Court's concern is instead what issues, if any, the parties have waived for purposes of the upcoming trial.

The applicable local rule makes clear that what the parties were required to submit in a proposed final pretrial order was a joint statement of facts "that may be accepted as established at trial." NECivR 16.2(2)(B). Likewise, the applicable local rule requires that the parties "jointly list all remaining legal issues to be determined," that is, to be determined at trial. NECivR 16.2(2)(C). It is only in the context of issues for trial that this Court will consider the effect of the Final Pretrial Order as "control[ling] the course of the action," "supersed[ing] all previous pleadings,"

constituting waiver of issues not included, *Klingenberg*, 936 F.3d at 830, and "measur[ing] the dimensions of the lawsuit . . . to be tried," *Friedman & Friedman*, 606 F.3d at 498.

In the context of trial, it is plain that Union Pacific has waived any litigation of the FELA negligence claim in Count One and any affirmative defenses it may have to that claim as well as a sole cause defense to any claim. The circumstances here are much like those before the Eighth Circuit Court of Appeals in *Klingenberg*. In that case, the parties had not mentioned a statute-of-limitations issue in the final pretrial conference or order. *Klingenberg*, 936 F.3d at 831. The Eighth Circuit Court of Appeals concluded,

> By the final pretrial conference and order, the limitations issue was not part of the case. *See Friedman & Friedman*, 606 F.3d at 498 ("The final pretrial conference and order measure the dimensions of the lawsuit, including the issues to be tried."). GP's abandonment of the issue at the final pretrial conference and in the final pretrial order waived it. *See Youren*, 343 F.3d at 1304–05 (facing analogous situation as here, concluding party waived pled limitations defense by failing to include it in final pretrial order). . . . The district court properly rejected GP's waived limitations defense.

*Klingenberg*, 936 F.3d at 831. Likewise, in this case, by the final pretrial conference and order, neither the FELA negligence claim in Count One nor Union Pacific's defenses to it were part of the case, because those issues were not included in the Final Pretrial Order. *Id.* Union Pacific's abandonment of its defenses to the FELA negligence claim in Count One in the Final Pretrial Order waived those issues. *Id.*

The same is true of Walls's assertion of the FELA negligence claim itself, however. Walls also did not make the FELA negligence claim part of the case for trial by asserting it in the Final Pretrial Order and his abandonment of the issue at the final pretrial conference and in the Final Pretrial Order waived that claim. *Id.*

At this point, Walls's negligence claim in Count One and Union Pacific's affirmative defenses to it are waived.

### C. Modification

Because the parties have waived the issues that Union Pacific wants to include in the Final Pretrial Order by amendment or modification, the question now is whether those issues can be resurrected by modification of the Final Pretrial Order. As explained above, under Eighth Circuit law, whether or not to allow amendment of the Final Pretrial Order involves two separate issues: whether denying the modification creates a "manifest injustice," *see* Fed. R. Civ. P. 16(e), and whether allowing the modification will "prejudice" the opposing party, *see* " *$84,615 in United States Currency*, 379 F.3d at 499. The Court begins this part of its analysis with "manifest injustice." Fed. R. Civ. P. 16(e).

1. *Manifest Injustice*

    a. The Parties' Arguments

Union Pacific argues that it would suffer manifest injustice if the uncontroverted facts identified above were deemed admissions or waivers on Union Pacific's part. Filing 113 at 8. Union Pacific argues this is so, because it is manifestly unjust and unfair to deny its Motion to Amend where such a denial will "vitiate" its case. Filing 113 at 9. Somewhat more specifically, Union Pacific argues that the Court of Appeals might reverse either this Court's negligence per se finding or its causation finding, and Union Pacific could then be barred from raising pertinent defenses because they were not included in the Final Pretrial Order. Filing 113 at 9.

Walls argues that, although it is "unnecessary" and does not meet the high standard of "manifest injustice," he nevertheless does not object to amending the Final Pretrial Order in two ways. Filing 114 at 10. First, he agrees to modification "to confirm that anything in it does not

prevent [Union Pacific] from appealing the Court's two orders." Filing 114 at 10. Second, he agrees to modification to state that "Item 4 under Uncontroverted Facts that 'Union Pacific was negligent' on the day in question is based on the Court's two orders and is not an admission by [Union Pacific]." Filing 114 at 10. Walls objects to the insertion of any other issues, however, because doing so is contrary to the purpose of Rule 16(e) to encourage "self-editing" and to provide "fair disclosure" of a party's trial intentions, citing *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015). Filing 114 at 12–14.

      b. No Manifest Injustice Warrants Rescuing the Parties from their Waivers

As mentioned above, Rule 16(e) expressly imposes the "manifest injustice" requirement for amendment or modification of a final pretrial order. Fed. R. Civ. P. 16(e). The advisory committee indicated this "more stringent standard" is appropriate because it "adequately describe[s] the restraint the trial judge should exercise." Fed. R. Civ. P. 16, Advisory Committee Notes (1983 Amendment to subdivision (e)); *see also $84,615 in United States Currency*, 379 F.3d at 499. Formulations by the Eighth Circuit Court of Appeals of the meaning of "manifest injustice" in the context of modification or amendment of a final pretrial order are rare. Nevertheless, it is plain from use of "manifest" that the "injustice" must be easily recognized, *see, e.g.*, https://www.merriam-webster.com/dictionary/manifest (adjective), that is, be obvious, or clear, *see, e.g.*, https://www.oed.com/search?searchType=dictionary&q=manifest&_searchBtn=Search (adjective and adverb). Hence, there is no evidence of "manifest injustice" to warrant relief from a final pretrial order when a party was fully aware of its viable claims or defenses well before the final pretrial conference, but the party nevertheless failed to insert them in the final pretrial order. *See In re Control Data Corp. Sec. Litig.*, 933 F.2d 616, 621 (8th Cir. 1991) (finding "no evidence

of manifest injustice to justify relief from the order," where "[a]fter four years of discovery, the class should have been fully aware of the viable claims it could pursue").

Walls points to the decision of the Tenth Circuit Court of Appeals by then-Circuit Judge Gorsuch in *Monfore v. Phillips*, 778 F.3d 849 (10th Cir. 2015), as instructive. Filing 114 at 13. In *Monfore*, the court stated, "[T]he the standard for modifying a final pretrial order is as high as it is to ensure everyone involved has sufficient incentive to fulfill the order's dual purposes of encouraging self-editing and providing reasonably fair disclosure to the court and opposing parties alike of their real trial intention." 778 F.3d at 851.

Walls agrees to two modifications of the Final Pretrial Order: (1) a confirmation that nothing in the Final Pretrial Order prevents Union Pacific from appealing the Court's rulings on summary judgment and reconsideration; and (2) modification of Item 4 under Uncontroverted Facts to state that the Court has found that Union Pacific was negligent on February 18, 2020, as a matter of law and not as a result of Union Pacific admitting fault. Filing 114 at 10. The Court doubts that these two modifications are necessary to preserve any of Union Pacific's arguments on appeal, so there is no "manifest injustice" if they are not allowed, but neither are they prejudicial to Walls, because he agrees to them. Therefore, Union Pacific's Motion is granted to the extent of allowing these two modifications of the Final Pretrial Order.

The Court is not persuaded that other modifications are required. The Court does not believe that there is any "manifest" or obvious injustice in barring Union Pacific from resurrecting a claim that Walls pleaded almost two years ago, and affirmative defenses that Union Pacific pleaded in its Answer approximately one year and ten months ago, but Union Pacific failed to include in the Final Pretrial Order. *See In re Control Data Corp. Sec. Litig.*, 933 F.2d at 621 (finding no "manifest injustice" in denying an amendment where "the class should have been fully

aware of the viable claims it could pursue"). Indeed, Union Pacific acknowledges that it knew the FELA negligence claim was unresolved and that it had these affirmative defenses, but Union Pacific chose not to include them in the Final Pretrial Order: Union Pacific states it was "[f]ollowing [Walls]'s lead" when it "limited the scope of its Statement of Controverted Facts to negligence *per se*." Filing 113 at 3.

Union Pacific also represents that it recognized the omissions from the Final Pretrial Order "[w]hile preparing jury instructions" after the Final Pretrial Order was entered, Filing 113 at 3, and that it "raised the issue less than two weeks after entry of the Pretrial Order and more than three weeks in advance of the trial date." Filing 113 at 12. While these statements of timing may be true, nothing prevented Union Pacific from considering what remained to be tried and raising that question—with either Walls or the Court—after the Court's ruling on Walls's Motion for Partial Summary Judgment some eight months ago, after the Court denied Union Pacific's Motion to Reconsider over two months ago, or while Union Pacific was conferring with Walls about preparation of the Proposed Final Pretrial Order. *See In re Control Data Corp. Sec. Litig.*, 933 F.2d at 621. Union Pacific cannot pretend that it was ignorant of the impact of potentially leaving issues out of the Final Pretrial Order in light of Rule 16(d) and (e), NECivR 16.2, and the directions for completing the Order on Final Pretrial Conference,[3] all of which stress inclusion of all issues to be tried. Union Pacific's acquiescence in Walls's formulation of the issues and belated assertion of additional issues that it could and should have raised long ago does not mean that there is a "manifest injustice" if the Court does not save Union Pacific from itself.[4] "Self-editing" and

---

[3] Available at https://www.ned.uscourts.gov/content/form-district-order-final-pretrial-conference.

[4] Indeed, this is the second time that Union Pacific has belatedly raised issues that it could have raised in good time. In its ruling on Union Pacific's Motion to Reconsider Order Granting Partial Summary Judgment, the Court

compliance with the requirement to provide "reasonably fair disclosure" of real trial intentions would also have been served by Union Pacific more timely raising of the issues it now belatedly asserts should be included in the Final Pretrial Order. *See Monfore*, 778 F.3d at 851.

As the Court mentioned above, Walls does not categorically state that he is waiving his FELA negligence claim. If Walls were to seek to resurrect his FELA negligence claim for trial, much the same analysis would apply to whether "manifest injustice" requires amendment of the Final Pretrial Order. Walls also limited the Final Pretrial Order to issues related to damages on his negligence per se claim, aware that he had an unresolved FELA negligence claim and conscious of the limitations on issues to be tried from failing to include the FELA negligence claim in the Final Pretrial Order. *See In re Control Data Corp. Sec. Litig.*, 933 F.2d at 621. The Court finds no "manifest injustice" in leaving Walls where he has knowingly put himself.

2. *Lack of Prejudice*

In addition to requiring "manifest injustice" to amend or modify a final pretrial order, the Eighth Circuit Court of Appeals requires that "there is no substantial injury or prejudice to the opponent." *$84,615 in United States Currency*, 379 F.3d at 499 (internal quotation marks and citation omitted). The parties have different views on whether the modification of the Final Pretrial Order that Union Pacific requests would "prejudice" Walls.

---

cautioned Union Pacific against tendering new legal theories that it could have asserted in its original Opposition to Walls's Motion for Partial Summary Judgment. *See* Filing 92 at 7. Although the Court is willing to reconsider a ruling if the Court is convinced it got something wrong, a party's failure to do an adequate job the first time around is not grounds for a "re-do." Now, Union Pacific is once again seeking a "re-do," knowing full well that a final pretrial order is the final statement on issues to be tried and essentially admitting that it did not do a good job addressing potential issues at the final pretrial conference. The Court is not willing to rescue Union Pacific from its litigation mistakes in this instance given the prejudice doing so would inflict on Walls, as explained in the next section.

### a. The Parties' Arguments

Union Pacific argues that its requested modification or amendment of the Final Pretrial Order should be allowed because of the lack of injury or prejudice to Walls. Union Pacific argues there is no prejudice to Walls because its proposed amendments do not contain anything new. Filing 113 at 10. Rather, Union Pacific argues, the proposed amendments relate to a claim that Walls originally pleaded and defenses that Union Pacific has asserted all along. Filing 113 at 10. Union Pacific argues that Walls cannot claim prejudicial surprise. Filing 113 at 10–11. Union Pacific also argues that Walls will suffer no prejudice from the proposed amendments because Union Pacific's request to amend the Final Pretrial Order is "timely." Filing 113 at 12. Union Pacific points out that it has already offered jury instructions on the negligence claim. Filing 113 at 7.

Walls objects to Union Pacific's requested amendments—beyond the minor ones he asserts are "unnecessary" but acceptable—as prejudicial. He argues that the amendments would inject additional issues for which no trial preparations have been made in terms of witnesses, exhibits, and jury instructions. Filing 114 at 2, 11. He also argues that the parties both prepared the Final Pretrial Order and Walls has prepared for trial with the understanding that the Court has already determined the issues of fault. Filing 114 at 11. Walls contends that he is prejudiced because his motions in limine do not address those issues, such as contributory negligence (which he argues is really an assumption of the risk defense in this case). Filing 114 at 11. He also argues that he is prejudiced by Union Pacific's apparent attempt to resurrect and support its sole cause and contributory negligence defenses for purposes of appeal. Filing 114 at 13–14.

b. Prejudice to Walls Precludes Union Pacific's Requested Amendments

"Prejudice" precluding amendment of a final pretrial order may be found, for example, where the amendment is not a slight modification of the language of the final pretrial order but involves inclusion of an entirely new theory to support a claim or defense. *$84,615 in United States Currency*, 379 F.3d at 499. Whether or not an opposing party is surprised by the issues or evidence that a party seeks to add to a final pretrial order may be relevant to whether or not the opposing party is prejudiced. *See ACTONet, Ltd. v. Allou Health & Beauty Care*, 219 F.3d 836, 849 (8th Cir. 2000). In this case, the Court is no more persuaded to allow modification of the Final Pretrial Order by the supposed lack of prejudice to Walls than it is by the supposed "manifest injustice" of denying modification of the Final Pretrial Order.

First, Union Pacific's argument that its request for amendment of the Final Pretrial Order is "timely" rings hollow. Filing 113 at 12. Nothing prevented Union Pacific from considering what remained to be tried and raising that question—with either Walls or the Court—after the Court's ruling on Walls's Motion for Partial Summary Judgment some eight months ago, after the Court denied Union Pacific's Motion to Reconsider over two months ago, or while Union Pacific was conferring with Walls about preparation of the Proposed Final Pretrial Order. *Cf. In re Control Data Corp. Sec. Litig.*, 933 F.2d at 621 (finding "no evidence of manifest injustice to justify relief from the order," where "the class should have been fully aware of the viable claims it could pursue").

Certainly, neither of the parties can plausibly or persuasively claim that their omissions from the Final Pretrial Order are the result of mere clerical error or require only slight modification. *See $84,615 in United States Currency*, 379 F.3d at 499. Rather, amendment of the Final Pretrial

Order would involve the inclusion of additional substantial theories and issues. *See id.* (affirming denial of modification of a final pretrial order in such circumstances). In fact, the amendments Union Pacific requests include identification of an additional expert witness, Mark Pollan, and inclusion of additional exhibits relevant to the negligence claim and Union Pacific's defenses to it. Filing 113 at 7, 11. Contrary to what Union Pacific argues, what it is requesting is tantamount to a complete "do over" of the process that produced the Final Pretrial Order, and it amounts to another request for reconsideration of the Court's prior summary judgment ruling.

Furthermore, allowing modification of the Final Pretrial Order will impact trial strategy, deposition designations, motions in limine, witnesses, exhibits, and jury instructions that are already in different stages of preparation as trial rapidly approaches. All of that trial preparation was in the expectation that the issues for trial were limited to the amount of damages Walls should be awarded as a result of Union Pacific's negligence and Union Pacific's affirmative defense of failure to mitigate—as Union Pacific's counsel had framed the issues for the Final Pretrial Order. Filing 95 at 2; Filing 115-1 (email from Union Pacific proposing this statement of the issues). In these circumstances, even if the existence of the issues was not a surprise in the context of this litigation, the resurrection of the issues after the Final Pretrial Order was filed was a prejudicial surprise; indeed, such a last-minute bait-and-switch of the issues is the sort of prejudice this Court finds should preclude belated amendment of a final pretrial order. *See Klingenberg*, 936 F.3d at 830 ("The final pretrial conference is critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" (quoting *Friedman & Friedman*, 606 F.3d at 498, in turn quoting Fed. R. Civ. P. 16(c), Advisory Committee Note (1983 Amendment)); *Monfore*, 778 F.3d at 851 ("[T]he the standard for modifying a final pretrial order is as high as it is to ensure everyone involved has sufficient

19

incentive to fulfill the order's dual purposes of encouraging self-editing and providing reasonably fair disclosure to the court and opposing parties alike of their real trial intention.").

### III. CONCLUSION

The Court concludes that both parties have waived trial of issues relating to the FELA negligence claim in Count One of Walls's Complaint by failing to include them in the Final Pretrial Order. Walls has willingly waived trial of the claim itself, believing it is "redundant" of issues previously resolved by the Court, while Union Pacific has waived affirmative defenses and preservation of issues for trial related to that claim, which Union Pacific could have raised months ago. The Court concludes further than neither "manifest injustice" nor "lack of prejudice" warrants amendment or modification of the Final Pretrial Order to resurrect the waived issues. Accordingly,

IT IS ORDERED that Union Pacific's August 26, 2022, Motion to Amend Order on Final Pretrial Conference, Filing 110, is granted in part and denied in part, as follows:

1. The Motion is granted as to amendment of the Final Pretrial Order to state

    a. that Union Pacific retains the right to appeal all orders by the Court; and

    b. that the Court has found that Union Pacific was negligent on February 18, 2020, as a matter of law and not as a result of Union Pacific admitting fault, *see* Filing 95 at 1 (item 4 in the Uncontroverted Facts); but

2. The Motion is otherwise denied.

Dated this 31st day of August, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge